RECEIVED
2005 NOV 10 P 4:05

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| PLAINTIFF, : | |
| v. : | CIVIL ACTION NO. 2:05CV1086-B |
| EIGHTY THOUSAND SIX HUNDRED : THIRTY-THREE DOLLARS : ($80,633.00) IN UNITED STATES : CURRENCY; : FOUR THOUSAND EIGHT HUNDRED : SEVENTY-EIGHT DOLLARS : ($4,878.00) IN UNITED STATES : CURRENCY; AND, : THIRTY-SIX THOUSAND FIVE : HUNDRED DOLLARS ($36,500.00) : IN UNITED STATES CURRENCY, : DEFENDANTS. : | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, in a civil cause of forfeiture *in rem* respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Eighty Thousand Six Hundred Thirty-Three Dollars ($80,633.00) in United States Currency; Four Thousand Eight Hundred Seventy-Eight Dollars ($4,878.00) in United States Currency; and, Thirty-Six Thousand Five Hundred Dollars ($36,500.00) in United States

Currency seized for violations of Title II of the Controlled Substances Act, Title 21, United States Code, Sections 801 *et seq*.

## JURISDICTION AND VENUE

2.  The United States brings this action *in rem* in its own right to forfeit and condemn the Defendant currency under Title 21, United States Code, Section 881(a)(6). This Court has jurisdiction over this matter by virtue of Title 28, United States Code, Section 1345 and Section 1355.

3.  Venue is proper in this district pursuant to Title 28, United States Code, Section 1355 and Title 21, United States Code, Section 881(j), because the acts and omissions giving rise to the forfeiture occurred in this district and the Defendant Currency are located within the Middle District of Alabama.

## THE DEFENDANT IN REM

4.  The Defendant consists of Eighty Thousand Six Hundred Thirty-Three Dollars ($80,633.00) in United States Currency; Four Thousand Eight Hundred Seventy-Eight Dollars ($4,878.00) in United States Currency; and, Thirty-Six Thousand Five Hundred Dollars ($36,500.00) in United States Currency, seized on July 6, 2005.

## FACTS

5.  The facts and circumstances supporting the seizure of the Defendant currency are as follows:

    a.  Drug Enforcement Administration (DEA) agents were called to the Montgomery Airport (Airport) on July 6, 2005, to

assist in an investigation. An agent of the Transportation Security Agency (TSA) had discovered a large amount of currency in the "carry-on" luggage of one Jacquard Rashun Merritt (Merritt), thus beginning the investigation. Merritt was traveling to San Antonio, Texas, from Montgomery, Alabama.

    b.   TSA and Airport Police agents determined that Merritt was traveling with one Michael Coleman (Coleman) and that Merritt had purchased both his and Coleman's ticket with cash on July 6, 2005. Both Coleman and Merritt were to return to Montgomery, Alabama, from San Antonio, Texas, on July 7, 2005.

    c.   Coleman, while being escorted to Airport Security Office, attempted to flee and had to be restrained.

    d.   Upon questioning, Merritt initially stated that he would be staying in San Antonio with a male friend. He then changed his story to say he would probably stay with a girl and that she would probably get them a hotel room. Merritt further stated that he was going to San Antonio to look at a couple of cars. He then stated he would also invest in rental property. Merritt also stated that the money he had with him came from previous real estate investments, but gave conflicting accounts of the investments' returns.

    e.   Merritt was asked how much money he had. He stated he was not sure but that he probably had almost Thirty Thousand

Dollars ($30,000). (In fact, Merritt possessed Forty-One Thousand Three Hundred Seventy-Eight Dollars ($41,378.00).

   f.   Coleman requested an attorney, so no questions were asked of him.

   g.   The Defendant Four Thousand Eight Hundred Seventy-Eight Dollars ($4,878.00) was found in Merritt's front pants pocket.

   h.   The Thirty-Six Thousand Five Hundred Dollars ($36,500.00) was found in a carry-on bag belonging to Merritt. Marijuana residue was found in the bottom of Merritt's carry-on bag.

   i.   The Defendant Eighty Thousand Six Hundred Thirty-Three Dollars ($80,633.00) was found in a carry-on bag belonging to Coleman.

   j.   A trained drug detection dog alerted upon the money and upon each of the bags. An alert means that the dog has detected the exposure of the item involved to illegal drugs or materials used in illegal drug manufacture or preparation.

## CLAIM FOR RELIEF

   6.   The United States repeats and realleges each and every allegation set forth in Paragraphs 1 through 5.j. above.

   7.   The Defendant Currency constitutes monies furnished, or intended to be furnished, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was

4

used or intended to be used to facilitate violations of Title 21, United States Code, Sections 801 et seq.

8. As a result of the foregoing, the Defendant Currency is liable to condemnation and to forfeiture to the United States of America for its use, in accordance with Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States of America requests that the Court issue a Warrant and Summons for the arrest and seizure of the Defendant Currency; that notice of this action be given to all persons known or thought to have an interest in or right against the currency; that the Defendant Currency be forfeited and condemned to the United States of America; that the United States of America be awarded its costs and disbursements in this action; and, for such other and further relief as this Court deems proper and just.

Respectfully submitted this 8th day of November, 2005.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

_____
John T. Harmon [HAR108]
Assistant United States Attorney

5

Address of Counsel:

Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7560
E-mail: John.Harmon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STATE OF ALABAMA           )
COUNTY OF MONTGOMERY       )

## VERIFICATION

I, Larry Hubbard, hereby verify and declare under penalty of perjury that I am a Task Force Agent with the U.S. Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Agent of the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Larry Hubbard-Task Force Agent
Drug Enforcement Administration

Sworn to and subscribed before me this the 8th day of November, 2005.

Bertha M. Moore
Notary Public
Commission Expires: Feb 11, 2006

7