IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| PLAINTIFF, | * | CV-05-1086 |
| VS. | * | |
| | * | |
| EIGHTY THOUSAND SIX HUNDRED THIRTY-THRREE DOLLARS | * | |
| ($80,633.00) IN UNITED STATES CURRENCY; FOUR THOUSAND EIGHT HUNDRED SEVENTY-EIGHT DOLLARS ($4,878.00) IN UNITED STATES CURRENCY; AND | * | |
| THIRTY-SIX THOUSAND FIVE HUNDRED DOLLARS ($36,500) IN UNITED STATES CURRENCY | * | |
| | * | |
| DEFENDANTS. | | |

## AMENDED ANSWER and COUNTERCLAIM

Come now the Claimants Michael Coleman and Jacquard Merritt, by and through the undersigned, who submit their answer and counterclaim to the verified complaint for forfeiture in rem by the United States of America. As grounds the claimants show unto the Court the following:

### NATURE OF THE ACTION

**1. Admitted in Part, Denied in Part.** Claimants admit the action is one of forfeiture in the amounts listed in the caption; however they deny any violations of any laws of the United States of America which would justify a seizure of their money.

## JURISDICTION

**2-3 Admitted in part, Denied in part.** Jurisdiction is conferred via the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Claimants deny any jurisdiction conferred as a result of alleged conduct on their part constituting a violation of any United States Law.

## THE DEFENDANT IN REM

**4. Admitted.**

## FACTS

**5.**

    **A. Admitted and supplemented.** On or about July 5, 2005, the Unites States of America through its agents the Drug Enforcement Administration, Transportation and Security Administration and Montgomery Airport Police, without a warrant, seized approximately eighty thousand dollars ($80,633.00) in lawful cash, coin, or currency of the United States of America, the property of claimant Michael Coleman and in another action at the same time, seized forty-one thousand dollars ($41,378.00) in lawful cash, coin, or currency of the United States of America from claimant Jacquard Merritt. The claimants were lawfully traveling from Montgomery, Alabama to San Antonio, Texas and lawfully carrying United States currency and conducting themselves in a lawful manner when TSA agents and Montgomery Airport Police detained them without reasonable suspicion of criminal activity and arrested them without a warrant and without probable cause of committing a crime.

    **B. Admitted.**

**C. Denied.** Coleman was accosted by airport police and arrested merely because his ticket was allegedly paid for by Merritt. Coleman did attempt to extricate himself from the unlawful seizure by Airport Police, by pulling his arm away from the grip of an officer, which he had a right to do under Alabama law. Once Coleman was in custody, he made no attempt to flee.

**D. Denied.** Upon questioning, Merritt disclosed the source of his money, offered and showed proof of the source and offered a reasonable explanation regarding his trip. However, Airport Police dismissed his source and proof and detained him until DEA agents arrived.

**E. Denied.**

**F. Admitted.**

**G. Admitted.**

**H. Admitted in part, Denied in Part.** Merritt has no knowledge as to whether or not Marijuana residue was found in the bag containing his money.

**I. Admitted**

**J. Denied.** Claimant's Coleman and Merritt are without sufficient information to admit or deny the allegations concerning the uncommunicated mental operations of a dog. Therefore, such allegations are denied.

## CLAIM FOR RELIEF

**6-8 Denied.** The claimants of the property subject to this action categorically deny any and all assertions, articulated or implied by the plaintiff, that the seized money was used or was intended to be used in a manner prohibited by Title 28 U.S.C.A. 881(a)(6). Thus, the plaintiff has no legitimacy in its claim for relief.

## COUNTERCLAIM

### FACTS

1. On or about July 5, 2005, the Unites States of America through its agents the Drug Enforcement Administration, Transportation and Security Administration and Montgomery Airport Police, without a warrant, seized approximately ninety thousand dollars ($80,633.00) in lawful cash, coin, or currency of the United States of America, the property of claimant Michael Coleman and in another action at the same time, seized forty-one thousand dollars ($41,378.00) in lawful cash, coin, or currency of the United States of America from claimant Jacquard Merritt.

2. The claimants were lawfully traveling from Montgomery, Alabama to San Antonio, Texas and lawfully carrying United States currency and conducting themselves in a lawful manner when TSA agents and Montgomery Airport Police detained them without reasonable suspicion of

4

7. Although the claimants have continued to lay claim to the money, it remains in the custody of the United States of America Drug Enforcement Administration, therefore interfering with and preventing claimants' right of dominion over and use of the money and thereby depriving him of his property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and Article I, Section VI of the Alabama Constitution. The claimants have demanded that the plaintiff return their property in person and through their attorney of record and such demands have been refused.

8. The claimants have been left destitute due to the unlawful activity of the plaintiff and her agents and currently suffering irreparable harm having been deprived of the means in which to care for themselves and their families.

## JURISDICTION

Jurisdiction is conferred via the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## CAUSES OF ACTION

### I. CONVERSION

1. An agent of The United States Drug Enforcement Administration, in concert with TSA agents and Airport Police, conspired and unlawfully took possession of the claimants' money, without a warrant, by force and without their consent, in violation of the Fourth, Fifth, and Fourteenth

    Amendments to the United States Constitution. Plaintiff has no right to the property of the claimants. Claimants have not been charged with a crime which would connect their money to conduct prohibited by the laws of the United States of America.

2. The claimants are the lawful and equitable owners of the money made the subject of this proceeding. Although the claimants have continued to lay claim to the money, it remains in the custody of the United States of America Drug Enforcement Administration, therefore interfering with and preventing claimants' right of dominion over and use of the money and thereby depriving them of their property without due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section VI of the Alabama Constitution.

3. The claimants have been left destitute due to the unlawful activity of the plaintiff and her agents and currently suffering irreparable harm having been deprived of the means in which to care for themselves and their families and having had numerous bills go unpaid. Claimants' credit and reputation suffers daily as a result of their actions.

## II. OUTRAGE

1. Claimants incorporate by reference paragraphs 1-8 of their facts.
2. Claimant Michael Coleman was humiliated, embarrassed, and disgraced when Airport Police accosted him, arrested him and placed him in handcuffs and paraded him through the airport terminal.

3. Specifically Claimant Jacquard Merritt was deliberately humiliated and embarrassed when he suffered the indignity of being strip searched by unknown DEA agent(s) during his seizure. Claimant Merritt was forced by DEA Agents to take off his pants, and underwear and expose his genitals and anus for no good reason and for a prolonged period of time. Merritt was not charged with possession of any illegal narcotic. Claimant Merritt has suffered sleepless nights and mental anguish as a result of the defendant agent's unlawful conduct.

### III. FALSE IMPRISONMENT

1. Claimants incorporate by reference paragraphs 1-8 of their facts.
2. Claimant Coleman was falsely imprisoned by unknown Airport Police officers and unknown DEA agent on the day in question. Coleman was arrested without probable cause and without a warrant merely for accompanying another individual on a journey. Coleman was restricted from leaving by unknown DEA agent(s), unknown Airport Police officers, and unknown TSA agents.
3. Claimant Merritt was also falsely imprisoned by unknown Airport Police and unknown DEA and TSA agent(s) by being placed in a room and having his movement restricted. Merritt was taken to a secure location inside the terminal, without window, and forbidden to leave.

8

## DEMAND FOR JUDGMENT

The claimants demand judgment under the following terms:

1. Declaration that the conduct of the plaintiff via her agents violated the rights of the Michael Coleman and Jacquard Merritt under the appropriate Constitutional Amendments and;

2. A finding that the Plaintiff and or the individual agents committed the torts of Outrage and Conversion and False Imprisonment.

3. That the plaintiff's agents be enjoined from harassing, intimidating, threatening or otherwise interfering with the lawful travel habits of the plaintiffs, and;

4. Mandatory injunctive relief requiring the defendants to immediately restore the defendant their money and;

5. Costs, and;

6. Such other relief as the Court may deem appropriate, the premises considered.

7. Unspecified amount in damages.

Done this 21st Day of February, 2006.

/s/ Joe M. Reed
Joe M. Reed
Attorney for Plaintiffs

Address of Counsel:
524 S. Union St.
Montgomery, AL 36104
(334) 834-2000 t
(334) 834-2088 f

## CERTIFICATE OF SERVICE

I herby certify that the following was served on

The Honorable John Harmon,
Assistant United States Attorney for the Middle District of Alabama,
1 Court Square
Montgomery, Alabama 36104

by electronic filing by the Clerk of the Court of the United States District Court, Middle District of Alabama

/s/ Joe M. Reed
Joe M. Reed

10