C
**Briefs and Other Related Documents**
Only the Westlaw citation is currently available.
United States District Court, W.D. Tennessee, Western Division.
UNITED STATES OF AMERICA, Plaintiff,
v.
ASSORTED COMPUTER EQUIPMENT,
Defendant.
No. 03-2356V.

Jan. 9, 2004.

**Christopher E. Cotten, Esq.**, U.S. Attorney's Office, Memphis, TN, for Plaintiff.
Diane K. Vescovo, Office of Magistrate Judge, Memphis, TN, pro se.
Kevin Cranford, 17160-076, Forrest City, AR, pro se.

ORDER DENYING CLAIMANT'S MOTION FOR RETURN OF PROPERTY AND FOR PERMISSION TO FILE COUNTERCLAIM AND ORDER DENYING CLAIMANT'S MOTION TO DISMISS WITH PREJUDICE

**VESCOVO**, Magistrate J.
*1 This is a civil *in rem* forfeiture action brought by the United States against assorted computer equipment seized by the Drug Enforcement Administration on April 9, 1999, pursuant to **21 U.S.C. § 881(a)(6)**, which provides for the forfeiture of proceeds traceable to illegal drug trafficking. Kevin Cranford has asserted a verified claim to the computer equipment seized from his residence. [FN1] This matter is now before the court on the motion of Cranford, filed December 9, 2003, to compel return of the property, and on the motion of Cranford, filed November 19, 2003, to dismiss the government's forfeiture complaint with prejudice. The government has filed timely responses to both motions. For the reasons that follow, both motions are denied.

> FN1. The computer equipment seized from his residence consists of: (1) one Hewlett Packard DC-Writer Plus, 7200 Series Drive, PC DVD DXR2 Drive, Acer 40x CD Rom, floppy drive; (2) one Iomega 2GB Jax Drive; (3) one Ketronic Keyboard; (4) one View Sonic 19 inch Monitor PS790; and (5) one triple Lite Power Protector. (Compl., Ex. B.)

ANALYSIS

According to the sworn affidavit attached to the government's complaint, Kevin Cranford was arrested on April 8, 1999, in Texas. (Compl., Ex. A, Affidavit of Richard Clinton at ¶ 3.) At the time of his arrest, he had approximately one pound of methamphetamine in his possession. (*Id.*) Following his arrest, members of the Memphis DEA Task Force obtained search warrants for Cranford's home and business in Memphis, Tennessee. (*Id.* at ¶ 5.) During the searches, officers found traces of methamphetamine and drug paraphernalia and seized the computer equipment at issue in this motion. (*Id.*)

On September 17, 1999, Cranford filed a request for remission or mitigation of forfeiture with the Drug Enforcement Administration ("DEA") and served the request on the DEA's Asset Forfeiture Section in Arlington, Virginia. [FN2] On September 29, 1999, the grand jury returned an indictment against Cranford charging him with conspiracy to distribute a controlled substance. (Resp. of the U.S. to Claimant's Mot. to Dismiss with Prejudice at 2.) Cranford pled guilty to the conspiracy charge on June 5, 2000, and he was sentenced to 48 months in prison on April 2, 2001. (*Id.*)

> FN2. It is not clear from the record before the court if Cranford complied with **28 C.F.R. § 9.9(g)** which requires the petition to be sworn to by the petitioner. Nor is it clear if the DEA ever acted on the petition.

On May 19, 2003, nearly two years after Cranford's guilty plea, the government filed the present Verified Complaint of Forfeiture. Pursuant to the complaint, the court issued an order on June 2, 2003, directing the United States Marshal to serve a copy of the complaint on Kevin Cranford, among others, and to run an ad in the Daily News for three consecutive weeks noting that the computer equipment was seized and that a complaint for forfeiture had been filed. Cranford filed a claim to certain of the computer equipment on August 27, 2003.

I. *Motion to Compel Return of Property and for Permission to File Counterclaim*

Cranford does not identify the procedural basis for his motion for return of property. Assuming Cranford is proceeding under **Rule 41 of the Federal Rules of Criminal Procedure**, **FN3** which provides for the filing of a motion for return of property unlawfully seized, the motion is inappropriate in this civil case and procedurally barred. The present forfeiture action is a civil case, and the Federal Rules of Criminal Procedure are inapplicable. The Sixth Circuit has specifically held that once the government has initiated civil forfeiture proceedings, a claimant may not use the provisions of **Rule 41 of the Federal Rules of Civil Procedure** to bypass the statutory procedures set out in **19 U.S.C. § 1608** and **1618** for return of property. **FN4** **Shaw v. United States, 891 F.2d 602, 603 (6th Cir.1989)**.

> **FN3. Rule 41(g) of the Federal Rules of Criminal Procedure** provides in pertinent part:
> (g) Motion for Return of Property. A person aggrieved by an unlawful search and seizure or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion....
> **Fed. R.Crim. P. 41(g)**.
>
> **FN4. Section 1608** requires a claimant to file a claim and post a cost bond with the agency. **19 U.S.C. § 1608**. **Section 1618** requires a claimant to file a petition for remission or mitigation of the forfeiture. **19 U.S.C. § 1618**.

*2 As an additional grounds for return of the computer equipment, Cranford asserts that the government has failed to file a timely response to Cranford's motion to dismiss, is consequently barred from opposing the motion, and has thus failed to prosecute its claim.

According to the certificate of service, Cranford served a copy of his motion to dismiss on the government on November 17, 2003, by certified mail.

The local rules provide that a response to a motion to dismiss must be filed within thirty days after service of the motion. Local Rule 7.2.(a)(2) of the U.S. Dist. Ct. W.D. Tenn. Local Rules-Civil (2003). **Rule 6 of the Federal Rules of Civil Procedure** provides that an extra three days shall be added after service by mail. **Fed. R. Civ. P. 6(e)**. Based on these rules, the government's response was due on or before December 20, 2003, and was therefore timely filed on December 19, 2003.

Cranford also requests permission to file a counterclaim for the diminution in value of the computer equipment resulting from its seizure. Counterclaims are generally not allowed by third parties in civil *in rem* forfeiture proceedings. See **United States v. One Lot of U.S. Currency ($68,000), 927 F.2d 30, 34-35 (1st Cir.1991)**; **United States v. $10,000 in United States Funds, 863 F.Supp. 812, 816 (S.D.Ill.1994)**. A forfeiture action is *in rem*, not *in personam*. *Id.* The property, e.g., the computer equipment in this case, is the defendant, not the claimant. *Id.* By definition, a counterclaim is a pleading which sets forth a claim that the pleader has against an opposing party arising out of the opposing party's claim against the pleader. *Id.;* see also **Fed. R. Civ. P. 13**. Because the government has not asserted a claim against Cranford, there can be no counterclaim. Accordingly, Cranford's request to amend his pleading to assert a counterclaim is denied.

II. *Claimant's Motion to Dismiss with Prejudice*

Cranford argues two grounds for dismissal of the forfeiture complaint: (1) the delay of time between the seizure of the computer equipment and the filing of the forfeiture complaint and (2) the government's failure to timely file Rule 26(a)(1) disclosures. Neither ground warrants dismissal.

Cranford claims that the government's "failure to timely pursue its claim after all these years has prejudiced [him] and deprived him of the use and enjoyment of his property and its intrinsic value...." (Claimant's Mot. to Dismiss with Prejudice at 2.) The government, however, timely commenced this civil forfeiture action within the applicable statute of limitations pursuant to **19 U.S.C. § 1621**. That statute requires that a civil forfeiture action be commenced

within five years after the discovery of the offense or two years after the discovery of the property's involvement in the offense, whichever is later. 19 U.S.C. § 1621 (2000). Here, the arrest of Cranford, which led to the seizure of the property, occurred on April 8, 1999. The statute of limitations on the forfeiture action would therefore not run until April 8, 2004, and this case was commenced on May 19, 2003, more than eleven months before the expiration of the statute of limitations.

*3 The only way the delay could be grounds for dismissal of the forfeiture action is if the delay resulted in a violation of the claimant's due process rights. The Supreme Court has ruled that the balancing test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), developed to determine when Government delay has abridged the right to a speedy trial, "provides the appropriate framework for determining whether the delay [in filing a forfeiture action] violated [a claimant's] due process rights to be heard at a meaningful time." *United States v. $8,850*, 461 U.S. 555, 565, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983). The balancing test involves consideration of four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant.

The Sixth Circuit considered an almost identical factual situation in *United States v. Ninety-Three (93) Firearms*, 330 F.3d 414 (6th Cir.2003) and found the government's five-year delay in commencing judicial forfeiture proceedings did not rise to the level of a due process violation. In *93 Firearms,* the government instituted forfeiture proceedings under § 924(d)(1) almost five years after the original seizure of firearms during a search of the claimant's residence and four years after the claimant was sentenced on the related criminal charge. Applying the four-factor balancing test, the Sixth Circuit determined that the government offered ample justification for its initial three year delay. First, the government waited for a decision on the claimant's administrative petition for remission. "An important justification for delaying the initiation of forfeiture proceedings is to see whether the Secretary's decision on the petition for remission will obviate the need for judicial proceedings." *$8,850*, 461 U.S. at 566. Second, the government waited for a result in the claimant's criminal prosecution. "Pending criminal proceedings present similar justifications for delay in instituting civil forfeiture proceedings ." *Id.* at 567. The court noted, however, that the government had offered no justification for the additional two-year delay in commencing forfeiture proceedings. The Sixth Circuit further concluded that the claimant's failure to pursue an expedited hearing on his administrative claim and his failure to seek return of his property under **Rule 41(e) of the Federal Rules of Criminal Procedure** "can be taken as some indication that [he] did not desire an early judicial hearing." *93 Firearms*, 330 F.3d at 425-26. Finally, the court determined that the claimant suffered no prejudice in presenting a defense by the delay.

In the instant case, after considering the four factors of the *Barker v. Wingo* balancing test, the court concludes that Cranford's due process rights were not violated. Although a delay of over four years from time of seizure in commencing forfeiture actions is substantial, the government has offered ample justification for its delay. As in *93 Firearms,* the government delayed initiating forfeiture proceedings until after Cranford was sentenced on related criminal charges on April 2, 2001.

*4 The government offers no justification for the additional two-year delay, but when the remaining two factors-Cranford's assertion of his right to a hearing and prejudice to Cranford-are considered, the court finds on balance no due process violation. Even though Cranford served a petition for remission and mitigation on the DEA, he did not assert a right to a forfeiture hearing by filing a **Rule 41(e)** motion for return of property in the criminal proceeding or a petition for expedited release with the DEA. Finally, Cranford has failed to present any evidence that he was prejudiced by the delay. As a matter of fact, Cranford could not have even used the computer equipment after April 30, 2001, the date he began serving his forty-eight-month sentence.

For these reasons, the court concludes that Cranford suffered no due process violation, and Cranford's motion to dismiss on grounds of delay is denied.

Cranford's motion to dismiss as a sanction for the government's failure to timely file Rule 26(a) initial disclosures is also denied. Cranford failed to move to compel disclosure and failed to consult with the government's attorney as required by Local Rule

7.2(a)(1)(B) and **Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure** prior to seeking sanctions. The government has filed its disclosures, and Cranford has not been prejudiced by the late filing.

For the above reasons, Cranford's motion for return of property and for permission to file counterclaim and motion to dismiss with prejudice are denied.

IT IS SO ORDERED

W.D.Tenn.,2004.
U.S. v. Assorted Computer Equipment
Not Reported in F.Supp.2d, 2004 WL 784493 (W.D.Tenn.)

Briefs and Other Related Documents **(Back to top)**

- **2:03CV02356** (Docket) (May. 19, 2003)

END OF DOCUMENT