**IN THE UNTED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| PLAINTIFF, | * | CV-05-1086-WKW-DRB |
| VS. | * | |
| | * | |
| EIGHTY THOUSAND SIX HUNDRED THIRTY-THRREE DOLLARS | * | |
| ($80,633.00) IN UNITED STATES CURRENCY; FOUR THOUSAND EIGHT HUNDRED SEVENTY-EIGHT DOLLARS ($4,878.00) IN UNITED STATES CURRENCY; AND THIRTY-SIX THOUSAND FIVE HUNDRED DOLLARS ($36,500) IN UNITED STATES CURRENCY | * * * | |
| | * | |
| DEFENDANTS. | * | |
| | * | |

**MOTION TO SUPPRESS**

Come now the claimants of the defendant currency, Michael Coleman and Jacquard Merritt, by and through the undersigned, and hereby move this Court to suppress any and all evidence obtained on or about July 5, 2005 as the basis for the above styled action. Claimants aver that the defendant property was unlawfully seized, without a warrant, by the United States of America and/or its agents, the Drug Enforcement Administration, and Transportation Security Administration, and Montgomery Airport Police in violation of the Fourth Amendment to the United States Constitution. As grounds Claimants show the Court the following:

## JURISDICTION

Jurisdiction is conferred via 21 U.S.C.A. §881, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

## FACTS

1. On or about July 5, 2005, claimants Michael Coleman (Coleman) and Jacquard Merritt (Merritt) were lawfully traveling from Montgomery, Alabama to San Antonio, Texas by airplane and lawfully carrying United States currency and conducting themselves in a lawful manner when TSA agents and Montgomery Airport Police stopped them without reasonable suspicion of criminal activity, and arrested them without probable cause of committing a crime in violation of the Fourth Amendment to the United States Constitution. Dunaway v. New York 442 U.S. 200 (1979).

2. Claimant Coleman purchased a round-trip ticket and presented himself and his carry-on luggage at the security checkpoint in the Montgomery Regional Airport and was allowed to pass through unmolested. A short time later, claimant Merritt, after purchasing his round-trip ticket, presented himself and his carry-on luggage at the same security checkpoint. Merritt's carry-on was x-rayed and although no prohibited articles were observed or detected, TSA agents nonetheless searched his carry-on bag and in the process discovered a large sum of U.S. currency. Upon discovery of the money TSA agents illegally detained Merritt, and

with the assistance of Montgomery Airport Police, arrested Merritt and placed him in a secure room inside the airport. Merritt's prolonged detention was void of reasonable suspicion of criminal activity in violation of the Fourth Amendment.

3. The search of Merritt's luggage by TSA officials and DEA agents went beyond its scope of the stop as expressed in U.S. v. Skipwith 482 F.2d 1272 (5th Cir. 1973), and the detention lasted longer than necessary to effectuate the purpose of the stop. United States v. Purcell, 236 F.3d 1274 1277, (11th Cir.2001), U.S. v. Sharpe 470 U.S. 675 (1985).

4. After discovering that Merritt and Coleman were traveling together to the same city, Coleman who had already passed through security was seized without reasonable suspicion or probable cause in violation of the Fourth Amendment. Terry v. Ohio 392 U.S. 1 (1968). He too was detained and placed in a secure room inside the airport.

5. Once in the secure facility within the Montgomery Regional Airport, TSA agents, Montgomery Airport Police and Drug Enforcement Administration agents unlawfully interrogated Coleman and Merritt without the benefit of counsel and seized their luggage and further searched their luggage without a warrant and without their consent in violation of the Fourth Amendment as held in U.S. v. Place 462 U.S. 696 (1983), U.S. v. Chadwick 433 U.S. 1 (1977), and the 6th Amendment as extended in Miranda v. Arizona 384 U.S. 486 (1966).

       Approximately $80,000 dollars in United States Currency was found in the possession of Michael Coleman and $41,000.00 found in the possession of Jacquard Merritt.

6. The search and seizure of the claimants and their luggage was warrantless and thus per se unreasonable under the Fourth Amendment to the United States Constitution. <u>U.S. Gonzalez</u>, 71 F.3d 819 (11th Cir. 1996) <u>U.S. v. McGregor</u>, 31 F.3d 1067 (11th Cir. 1994).

7. The United States Drug Enforcement Administration unlawfully took possession of the claimants' money, without a warrant, by force and without their consent in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

Wherefore, claimant prays that this Court conduct a hearing on this matter and after the hearing enter an Order suppressing all illegally obtained evidence and restoring all rights to and possession of the money to the claimants.

                                           /s/ Joe M. Reed
                                           Joe M. Reed
                                           Attorney for Claimants and
                                           Defendant Currency

Address of Counsel:
524 S. Union St.
Montgomery, AL 36104
(334) 834-2000 t
(334) 834-2088 f
E-mail: joemreed@bellsouth.net

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the United States District Clerk, Middle District of Alabama who will send electronic notification to the Honorable John Harmon, Assistant United States Attorney, P.O. Box 197, Montgomery, AL 36101.

/s/ Joe M. Reed
Joe M. Reed

5