IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 2:05cv1086-W |
| | : | |
| EIGHTY THOUSAND SIX HUNDRED | : | |
| THIRTY-THREE DOLLARS | : | |
| ($80,633.00) IN UNITED STATES | : | |
| CURRENCY; | : | |
| FOUR THOUSAND EIGHT HUNDRED | : | |
| SEVENTY-EIGHT DOLLARS | : | |
| ($4,878.00) IN UNITED STATES | : | |
| CURRENCY; AND, | : | |
| THIRTY-SIX THOUSAND FIVE | : | |
| HUNDRED DOLLARS ($36,500.00) | : | |
| IN UNITED STATES CURRENCY, | : | |
| | : | |
| DEFENDANTS. | : | |

<u>RESPONSE TO ORDER TO SHOW CAUSE</u>

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and responds as follows to this Court's Order to Show Cause:

I. <u>General</u>.

Michael Coleman (Coleman) and Jacquard Merritt (Merritt) have moved the court to suppress the defendant property on the grounds that it was "unlawfully seized". They assert that the Drug Enforcement Administration "took possession of claimants' money.....in violation of the Fourth and Fourteenth Amendments to the United States Constitution."

II.  <u>Facts</u>.

On July 6, 2005, Jacquard Merritt (Merritt) attempted to board a flight at the Montgomery Airport. During screening, Merritt was found to have a large quantity of cash in a carry-on bag. Merritt was asked to come to the police office. There, Merritt stated that he was going to Texas to buy property and houses. Another passenger, Michael Coleman (Coleman), was traveling with Merritt and had already been screened and released to the gate.

Both Merritt and Coleman were going on round-trips to San Antonio, Texas returning the next day. The tickets for Merritt and Coleman had been purchased by Merritt on July 6, 2005 for cash.

Agents and officers contacted Coleman and discovered that he was carrying a large sum of cash. Coleman then attempted to flee the airport but he was stopped and also brought to the police office. The DEA was contacted for assistance in the investigation.

DEA agents interviewed Merritt. Merritt gave conflicting stories about who he would be staying with in San Antonio. Merritt stated that he was going to look at cars in San Antonio including a 2000 Chevrolet Monte Carlo and a new Chevrolet Tahoe and that he was also going to invest in rental property. He could not give details about the proposed real estate purchases.

Merritt also stated that the money came from previous real estate investments and gave conflicting stories about amounts involved in the investments. He said that these investments were with Domanique Robinson who owned A & D Finance, Mortgage and Investments.

Merritt was also asked how much cash he was carrying and he replied almost $30,000.00. (In fact, he was carrying $41,378.00).

Merritt was asked why he was carrying cash. He replied that he did not think it was a big deal to buy with cash and that his business associate Robinson had purchased a vehicle with a suitcase filled with cash a week ago.

Agents also attempted to talk with Coleman who stated that he wanted an attorney. No further efforts to interview Coleman were made.

Marijuana residue was found in the bag that Merritt was carrying and a trained drug detection dog alerted on at least one of the bags and the cash.

Neither Coleman nor Merritt were placed under arrest.

III. <u>Argument</u>.

Warrantless seizures for forfeiture may be based on exceptions to the Fourth Amendment. <u>See</u> <u>Florida v. White</u>, 526 U.S. 559; 143 L.Ed 2d 748, 119 S.Ct. 1555 (1999). The standard for seizure in the forfeiture context is probable cause even in the

3

post-CAFRA era.[1]  See U.S. v. Melrose East Subdivision, 357 F.3d 493, 502-505 (5th Cir. 2004). See also U.S. v. $242,484.00, 389 F.3d 1149, 1151 (11th Cir. 2001)(Probable cause in forfeiture has implications for search and seizure cases).

> Probable cause in this context is a "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion-the same standard used to determine the legality of arrests, searches, and seizures in criminal law." U.S. v. Four Parcels of Real Prop. in Greene & Tuscaloosa Counties, 941 F.2d 1428, 1440 (11th Cir. 1991) (internal quotation marks and citations omitted); see also U.S. v. Cleckler, 270 F.3d 1331, 1334 (11th Cir. 2001) (per curiam)(same); U.S. v. Four Parcels of Real Prop. on Lake Forrest Circle, 870 F.2d 586, 590 n. 10 (11th Cir. 1989)(probable cause in this context is "the same standard used to determine the legality of arrests, searches, and seizures in criminal law"); U.S. v. $364,960.00, 661 F.2d 319, 323 (5th Cir. United B 1981)(noting "that the definition of probable cause applicable here is the same as that which applies elsewhere").
>
> The United States may use both circumstantial evidence and hearsay evidence to show probable cause. Four Parcels of Real Prop. in Greene & Tuscaloosa Counties, 941 F.2d at 1440. It does not need to show a relationship between the property and a particular drug transaction-only that the property was related to some illegal drug transaction. Id. Further, "that the evidence presented would support an alternative hypothesis does not prevent it being probative on the issue of

---

[1] CAFRA is the Civil Asset Forfeiture Reform Act enacted in 2000. CAFRA raised the burden upon the United States in civil forfeiture cases from probable cause to preponderance of the evidence. Thus, the burden of persuasion in the present case is upon the United States by a preponderance. CAFRA did not raise the standard for seizure which remains probable cause.

probable cause." Id. (internal quotation marks and citations omitted). In other words, if the evidence could support a finding that the currency was derived from or significantly related to an illegal drug transaction, and that same evidence viewed another way could also support a finding that the money was linked to another type of transaction, the district court is not prevented from finding that evidence probative on the issue of probable cause.

Finally, "[i]n evaluating the evidence of proceeds traceable to drug transactions, we have eschewed clinical detachment and endorsed a common sense view to the realities of normal life applied to the totality of the circumstances." Carrell, 252 F.3d at 1201 (internal quotation marks and citations omitted); see also Four Parcels of Real Prop. in Greene and Tuscaloosa Counties, 941 F.2d at 1440 ("[T]he existence of probable cause is judged not with clinical detachment, but with a common sense view to the realities of normal life." (internal quotation marks and citations omitted)); U.S. v. $4,255,000.00, 762 F.2d 895, 904 (11th Cir. 1985)(same).

The United States contends that there are several exceptions to the warrant requirement under White applicable here. First, officers are allowed to detain property without a warrant when they reasonably suspect the property constitutes evidence of criminal activity. See U.S. v. Place, 462 U.S. 696, 705-707 (1983); 77 L.Ed 2d 110, 119-121 (1983)(Detention of airport luggage). Moreover, the exposure of such detained luggage to a trained drug detection canine is not a search. See Place, 462 U.S. at 121, 77 L.Ed 2d at 707).

5

Exigent circumstances also allow for warrantless seizure of property. Exigent circumstances exist where there is probable cause for a seizure and the sought after item could be destroyed or removed. See U.S. v. Miravalles, 280 F.3d 1328, 1331 n. 4 (11th Cir. 2002).

Another basis for warrantless seizure is the plain view doctrine. Officers may, within certain parameters, seize evidence that is in plain view. See U.S. v. Holloway, 290 F.3d 1331, 1340 (11th Cir. 2002).

Officers may also seize without a warrant movable containers so as to prevent their loss or destructions. See U.S. v. Cooper, 873 F.2d 269, 275-76 (11th Cir. 1989).

The question then turns to the existence of probable cause. The officers could detain the luggage containing the seized cash based upon reasonable suspicion. The subsequent seizure of the Defendant cash, however, must be based upon probable cause and the above mentioned warrant exceptions.

The officers had probable cause to seize the cash based upon:

1. The quantity of the cash;
2. The inherent risk of carrying this amount of cash;
3. The lack of a legitimate business requirement to carry cash;
4. The method of bundling and carrying the cash;
5. Traveling to a drug source city and state;

    6.    The peculiarities of the trip, quick return and tickets purchased with cash on date of flight;

    7.    The conflicting stories told as to persons to be visited and purpose of trip;

    8.    Lack of documentation of business purposes;

    9.    The dog alert;

    10.    The improbable source given for the money;

    11.    The marijuana residue found in one of the bags.

See $242,484 at 1160-1167.

Because there are exceptions to the warrant requirement that allowed warrantless seizure in this case and there is probable cause to believe that the cash is subject to forfeiture, the seizure is constitutional and should be upheld. A common sense view of these events support the seizure and forfeiture of the defendant currency.

Respectfully submitted this 19th day of April, 2006.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2006, I electronically filed the foregoing Response to Order to Show Cause with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Joe M. Reed.**

```
/s/John T. Harmon
```
John T. Harmon
Assistant United States Attorney
Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560