IN THE UNTED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
|     PLAINTIFF, | * | CV-05-1086-WKW-DRB |
| VS. | * | |
| | * | |
| EIGHTY THOUSAND SIX HUNDRED THIRTY-THRREE DOLLARS | * | |
| ($80,633.00) IN UNITED STATES CURRENCY; FOUR THOUSAND EIGHT HUNDRED SEVENTY-EIGHT DOLLARS ($4,878.00) IN UNITED STATES CURRENCY; AND THIRTY-SIX THOUSAND FIVE HUNDRED DOLLARS ($36,500) IN UNITED STATES CURRENCY | * * * | |
|     DEFENDANTS. | * * | |

**MOTION TO DISMISS AND
MOTION FOR JUDGMENT ON THE PLEADINGS**

Come now the claimants of the defendant currency, Michael Coleman and Jacquard Merritt, by and through the undersigned, and hereby move this Court to dismiss the above styled action pursuant to FRCvP 12(b)(1),(6), and grant judgment on the pleadings pursuant to FRCvP 12(c). Claimants aver that jurisdiction has not been properly conferred upon the Court to hear the matter, and the Plaintiff fails to state a claim which relief can be granted. As grounds Claimants show the Court the following:

1. The above styled property was seized by DEA agents pursuant to Title 21 USC Section 881, averring that the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21 U.S.C. Section 801 et seq.)

2. However, no federal agency has charged claimant Michael Coleman or claimant Jacquard Merritt with violating the Controlled Substances Act (Title 21 U.S.C. Section 801 et seq.) to which the defendant currency would be connected.

3. In a civil forfeiture proceeding under 21 U.S.C. § 881(a)(6) seized money is subject to forfeiture if it was: "(1) furnished or intended to be furnished in exchange for a controlled substance; (2) traceable to such an exchange; or (3) used or intended to be used to facilitate a violation of federal drug laws." *United States v. $191,910 in U.S. Currency,* 16 F.3d 1051, 1071 (9th Cir.1994).

4. Nothing in the facts alleged by the United States of America in their complaint (Doc.#  ) show that the claimants had violated the Controlled Substances Act, or that they were using their currency in an attempt to violate the Controlled Substances Act, or that their currency was derived from such a violation. In fact, the facts show no conduct on behalf of either claimant which would warrant their arrest by Government agents resulting in a criminal charge and separating them from their property.

5. Thus, there is no nexus between the defendant currency, the claimants and a controlled substance violation which would subject the currency to forfeiture and confer jurisdiction upon the Court to hear the current forfeiture action under 21 U.S.C. 881.

6. The United States of America can only show that a dog alerted to the cash possessed by Michael Coleman to justify seizing his money and that same dog alerted to Jacquard Merritt's cash, and that Merritt did not recall the accurate amount of cash he was carrying as the probable cause to seize the currency.

> Positive dog alerts have been recently shown to have little probative value due to the contamination of the nation's currency with narcotics residue. *See $191,910 in U.S. Currency,* 16 F.3d 1051, 1062 n. 21 (9th Cir.1994) (expressing concern that currency contamination may affect the probative value of a narcotics detection dog's positive alert in currency forfeiture cases); *United States v. $53,082 in U.S. Currency,* 985 F.2d 245, 250 n. 5 (6th Cir.1993) (same); *United States v. $639,558 in U.S. Currency,* 955 F.2d 712, 714 n. 2 (D.C.Cir.1992) (same); *see also Jones v. Drug Enforcement Admin.,* 819 F.Supp. 698, 719-21 (M.D.Tenn.1993) (rejecting the probative value of a narcotics detection dog's positive alert to seized currency on the basis of evidence of widespread currency contamination); *United States v. $80,760 in U.S. Currency,* 781 F.Supp. 462, 475-76 (N.D.Texas 1991), *aff'd,* 978 F.2d 709 (5th Cir.1992) (table) (same).

7. It is not yet illegal in the United States to travel between states with large sums of money, nor is it a criminal like not to recall the exact dollar amount which one is lawfully carrying.

8. The forfeiture statute is a legal tool being abused by the United States to justify what would otherwise be illegal act of conversion on their part against the claimants.

Wherefore, premises considered, the claimant's pray that this court set a hearing on the matter at the earliest possible convenience.

        Respectfully Submitted,


/s/ Joe M. Reed
Joe M. Reed
Attorney for Claimants


## Certificate of Service

I hereby certify that the foregoing was filed with the United States District Clerk, Middle District of Alabama who will send electronic notification to the Honorable John Harmon, Assistant United States Attorney, P.O. Box 197, Montgomery, AL  36101.


/s/ Joe M. Reed
Joe M. Reed