IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| PLAINTIFF, | : |
| | : |
| v. | : CIVIL ACTION NO. 2:05cv1086-W |
| | : |
| EIGHTY THOUSAND SIX HUNDRED | : |
| THIRTY-THREE DOLLARS | : |
| ($80,633.00) IN UNITED STATES | : |
| CURRENCY; | : |
| FOUR THOUSAND EIGHT HUNDRED | : |
| SEVENTY-EIGHT DOLLARS | : |
| ($4,878.00) IN UNITED STATES | : |
| CURRENCY; AND, | : |
| THIRTY-SIX THOUSAND FIVE | : |
| HUNDRED DOLLARS ($36,500.00) | : |
| IN UNITED STATES CURRENCY, | : |
| | : |
| DEFENDANTS. | : |

## MOTION TO COMPEL

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and states as follows:

I.  Background.

On September 27, 2006, the United States duly noticed the deposition of the Claimants for October 10, 2006. (See Plaintiff's Exhibit A).  On the Friday afternoon before the scheduled deposition, the United States received a letter from counsel for the Claimants stating that they would invoke their rights under the Fifth Amendment and that the depositions were premature. (See Plaintiff's Exhibit B).

The United States convened the deposition as scheduled but the Claimants did not appear. The United States went on record for the purpose of documenting the Claimants failure to appear. (See Plaintiff's Exhibit C). The United States sent an October 12, 2006 letter to counsel for the Claimants asserting that the method of invocation of their rights under the Fifth Amendment was improper and requesting that the Claimants make themselves available for deposition. (See Plaintiff's Exhibit D). To date, the United States has received no response from the Claimants.

II. Argument.

The Claimants are correct in stating that they may assert their rights under the Fifth Amendment in this civil forfeiture case, but the method of assertion selected by them is incorrect and contrary to law.

> ... a blanket claim of self-incrimination will not be successful in a civil IRS investigation.

U.S. v. Argomuniz, 925 F.2d 1349, 1353 n.8 (cite omitted) (11th Cir. 1991).

> ..."[a] proper application ... requires that the Fifth Amendment be raised in response to specific questions propounded by the investigative body. (cite omitted)

...."[T]he only way the Fifth Amendment can be asserted as to

testimony is on a question-by-question basis." (cite omitted).

U.S. v. Drollinger, 80 F.3d 389, 392 (9th Cir. 1996).

A blanket assertion of the privilege without inquiry by the court is unacceptable. U.S. v. Goodwin, 625 F.2d 693, 701 (5th Cir. 1980). The privilege against self-incrimination may not be asserted in advance of questions actually propounded (cite omitted). U.S. v. Harmon, 339 F.2d 354, 359 (6th Cir. 1964).

The Claimants here are making a "blanket assertion" of their rights under the Fifth Amendment. This is improper. The correct manner of asserting this right is to raise it to individual questions propounded by the United States. Without such a particularized assertion, the court will not be able to review the application of the right to determine if it is properly raised.

III. Argument.

The United States moves the court to order the Claimants to make themselves available for deposition at a time specified by the United States. The United States also moves the court to order the Claimants, if they choose to assert their Fifth Amendment rights, to asserts these rights in response to individually propounded questions. Finally, the United States moves the court to order the Claimants to pay the appearance fee of the court reporter at this deposition as a sanction for their failure to

3

properly respond to the United States' legitimate discovery request.

Respectfully submitted this 27th day of October, 2006.

                    FOR THE UNITED STATES ATTORNEY
                          LEURA G. CANARY

                    /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
                    Office of the United States Attorney
                    Middle District of Alabama
                    One Court Square, Suite 201 (36104)
                    Post Office Box 197
                    Montgomery, Alabama 36101-0197
                    Telephone:(334) 223-7280
                    Facsimile:(334) 223-7560

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27, 2006, I electronically filed the foregoing Motion to Compel with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Joe M. Reed.**

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560