IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05-CV-1086-WKW |
| | ) | |
| | ) | |
| EIGHTY THOUSAND SIX HUNDRED | ) | |
| THIRTY-THREE DOLLARS ($80,633.00) | ) | |
| IN UNITED STATES CURRENCY; FOUR | ) | |
| THOUSAND EIGHT HUNDRED SEVENTY- | ) | |
| EIGHT DOLLARS ($4,878.00) IN UNITED | ) | |
| STATES CURRENCY; AND THIRTY-SIX | ) | |
| THOUSAND FIVE HUNDRED DOLLARS | ) | |
| ($36,500.00) IN UNITED STATES CURRENCY | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION

After due consideration of the United States' *Motion to Compel*, filed with *exhibits* (Doc. 41, Oct. 27, 2006), and the Claimants' show-cause response (Doc. 45, Nov. 9, 2006), the court concludes that the *Motion* is due to be GRANTED in part and DENIED in part.

### I.

The parties agree on the determinative facts. On September 27, 2006, the United States duly noticed the depositions of Claimants – Michael Coleman and Jacquard Merritt – for October 10, 2006. By letter dated October 3, Claimants' counsel acknowledged the notice and advised that "the quasi-criminal nature of the case" would cause Claimants to "invok[e] their Fifth Amendment right not to be a witness against themselves." Counsel also expressed his view that

> depositions may be premature at this time as the court still has a motion to suppress
> and a motion to dismiss for lack of jurisdiction pending. Should any of those motions
> be granted they would render the taking of the depositions of my clients moot. I, like

you, would like to see a speedy resolution to this matter. I would like to get with you
and take an opportunity to conference with Judge Watkins about moving this matter
along.

(*Pl.'s Mot., Ex.* B).

The United States convened the scheduled deposition, documented the Claimants' non-

appearance, and sent a letter to Claimants' counsel, on October 12, stating, in pertinent part:

> You are correct in stating that the Fifth Amendment may be asserted in civil
> forfeiture proceedings. However, a claimant must assert the privilege in response to
> specific questions and may not avoid deposition by a "blanket" assertion. The United
> States maintains that your clients' failure to attend this duly noticed deposition was
> contrary to law and to the rules of discovery.

(*Pl.'s Mot.,* Ex. D)   After receiving no response within the seven-day deadline specified, the United

States filed this *Motion to Compel,* which seeks an order compelling the Claimants' depositions "at

a time specified by the United States ", directing the Claimants that , if they choose to assert their

Fifth Amendment rights, to assert these rights in response to individually propounded questions,

[and] to order the Claimants to pay the appearance fee of the court reporter at this deposition as a

sanction. . ." (*Pl.'s Mot.* at 4).

## II.

This civil forfeiture action pursuant to 21 U. S.C § 881(a)(6) is governed by the Federal Rules

of Civil Procedure and this court's Guidelines to Civil Discovery Practice.  Pursuant to the parties'

Rule 26(f) Report, the court entered a scheduling order setting a discovery deadline of December 22,

a pretrial conference on January 5, 2007, and the non-jury trial on February 12, 2007 (Doc.30).

Claimants' *Motion to Dismiss and Motion for Judgment* (Doc. 40)  are set for submission on briefs on

November 20, and their suppression motion (Doc. 29)is set for hearing on January 5.

Indisputably, the privilege against self-incrimination can be asserted in any proceeding,

2

criminal or civil, administrative or judicial, investigatory or adjudicatory. *Kastigar v. United States*, 406 U.S. 441 (1972); see *United States v. Lot 5*, 23 F. 3d 359 (11th Cir. 1994) (affirming application of Fifth Amendment privilege to civil forfeiture proceedings). Claimants do not dispute the reasonableness of the deposition notice directed to them (*Pl.'s Ex.* A), and it does appear compliant in material respects with Fed. R. Civ. P., Rule 30. Similarly, the United States does not dispute the propriety of Claimants' decision to invoke their Fifth Amendment privilege, but instead challenges only whether the letter from their counsel sufficiently excused their absence from the noticed deposition. It did not.

In response to a facially valid notice of deposition, and in the absence of a timely filed motion for a protective order, deponents must attend a scheduled deposition and respond to all proper questions, and the response may include the assertion of the Fifth Amendment right. The noticed deponents may not refuse to attend the deposition in sole reliance on written notice from counsel of their intent to invoke the Fifth Amendment. The assertion of the privilege may not be a blanket refusal to attend a noticed deposition and to testify or respond to a request for production of documents. *United States v. Lot 5*, 23 F. 3d at 364 (blanket assertion of privilege is no defense to a civil forfeiture proceeding); *United States v. Argomaniz*, 925 F. 2d 1349 (11th Cir. 1991).[1]

While the letter from Claimants' counsel did not justify Claimants' refusal to attend the

---

[1]*See, e.g., Securities & Exchange Commission v. Zimmerman*, 854 F. Supp. 896 (N.D. Ga. 1993)(finding defendant in civil action properly invoked his privilege against self-incrimination to specific questions or requests for production); *State of Florida ex rel. Butterworth v. Southland Corp.,* 684 F. Supp. 292 (S.D. Fla. 1988)("A witness must state the specific basis for his objection on the record, e.g., 'Fifth Amendment privilege against self-incrimination'...and a witness must assert any claim of privilege on a question-by-question basis rather than assert a blanket privilege as to all questions.")

noticed deposition, it did provide sufficient notice for United States' counsel not to proceed with the scheduled deposition before clarifying the ambiguity raised – i.e., did counsel intend simply to provide notice that the privilege would be asserted at the deposition or notice that in reliance on the privilege, his clients would not attend at all? Such an inquiry would have been especially reasonable in light of the closing entreaty by Claimants' counsel for further dialogue between counsel. Moreover, in lieu of proceeding with the deposition, counsel for the United States – adhering to the letter and spirit of this District's Civil Discovery Guidelines – reasonably should have communicated by telephone with Claimants' counsel to clarify his clients' intent (to attend or not attend the deposition) and to emphasize the controlling law mandating their attendance.[2] For this reason especially, the court deems it inappropriate to sanction Claimants with the court reporter's attendance fee.

### III.

It is, therefore, **ORDERED** as follows:

1. The United States' *Motion to Compel* (Doc. 41) is GRANTED to the extent that Claimants are instructed to appear at a re-noticed deposition.

---

[2]*See* Section I-A:

> It may be appropriate to note first that discovery in this district is normally practiced with a spirit of ordinary civil courtesy and honesty. Local lawyers in the court are justifiably proud of the normally courteous practice which has been traditional in the bar of the Middle District of Alabama.

> A telephone call or letter is appropriate before filing a notice of deposition or motion to compel discovery. The Federal Rules anticipate that discovery will proceed without the intervention of the court.

2.    The Motion is DENIED to the extent of the request that Claimants be "made available at a time specified by the United States."  Similarly DENIED is the request by Claimants that the depositions be stayed pending a final ruling on their dispositive motion.  The court reasonably expects counsel to cooperate in re-setting the deposition prior to the discovery deadline and consistent with the applicable federal rules and this District's guidelines.[3]

3.    The Motion is GRANTED to the extent of its request that the Claimants be ordered, and they are hereby ordered, to assert any Fifth Amendment privilege deemed necessary at their depositions only in response to individually propounded questions.[4]

_____

[3] See Rule 30(b)(1) and Guidelines to Civil Discovery, Section II-A:

> A courteous lawyer is normally expected to accommodate the schedules of opposing lawyers. In doing so he can either prearrange a deposition or notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling.

[4] The court directs the parties' attention to Section I-4 of the District's Civil Discovery Guidelines:

> *Invocation of privilege or work product protection.* In those rare situations in which a privilege (or work product protection) is invoked, it should be invoked in the following manner:
>
> Where the objection is stated at a deposition, based upon privilege or work product protection, a clear statement of the precise privilege relied upon should be made. However, no recitation of facts at that time should be necessary to prevent the witness from answering a question asking for privileged information. On the other hand, a person asking the question should be given wide latitude in questioning the witness about all collateral facts in an effort to develop information as to whether or not the privilege does apply. The court ordinarily views a vague statement of privilege with a jaundiced eye, because that makes it difficult for the attorney asking the question to know what facts he should inquire about as being pertinent to the question of whether the privilege applies. Also, the court is normally harsh on an attorney who asserts
>
> (continued...)

4.  The *Motion* is DENIED to the extent of its request for sanctions in the form of an order requiring Claimants to pay the appearance fee for the court reporter who attended the failed deposition.

Done this 13th day of November, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

---

[4](...continued)
      privilege and then obstructs inquiry into pertinent collateral facts.