IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| PLAINTIFF, | : |
| v. | : CIVIL ACTION NO. 2:05cv1086-W |
| EIGHTY THOUSAND SIX HUNDRED THIRTY-THREE DOLLARS ($80,633.00) IN UNITED STATES CURRENCY; FOUR THOUSAND EIGHT HUNDRED SEVENTY-EIGHT DOLLARS ($4,878.00) IN UNITED STATES CURRENCY; AND, THIRTY-SIX THOUSAND FIVE HUNDRED DOLLARS ($36,500.00) IN UNITED STATES CURRENCY, | : |
| DEFENDANTS. | : |

RESPONSE TO MOTION TO DISMISS AND
MOTION FOR JUDGMENT ON THE PLEADINGS

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and responds to Claimants' Motion to Dismiss and Motion for Judgment on the Pleadings as follows:

I. Background

The United States filed its civil complaint alleging that the defendant property was subject for forfeiture pursuant to 21 U.S.C. § 881. Michael Coleman and Jacquard Merritt (hereinafter, "Claimants") filed a Motion to Dismiss and Motion for Judgment on the Pleadings, asserting that the United States had not alleged

sufficient facts to allow this case to continue and had alleged no criminal conduct on the part of the Claimants.

>    II.    Argument and Citation of Authority
> 
> A.    Claimants' Motion Is Premature.
> 
> 18 U.S.C. § 983(a)(3)(A) states in pertinent part:
> 
> .... the government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims...
> 
> Rule E(2)(a) states:
> 
> ....the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.
> 
> 18 U.S.C. § 983(a)(3)(D) states:
> 
> No complaint may be dismissed on the grounds that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.
> 
> Probable cause for seizure and the standard for filing a

complaint are separate matters.  See U.S. v. Mondragon, 313 F.3d

862 (4th Cir. 2002). "The government is not required to prove its cause simply to get in the courthouse door." U.S. v. Real Property Located at 5208 Los Franciscos Way, 385 F.3d 1187 (9th Cir. 2004).

Under Section 983(a)(3)(D), a motion to dismiss a civil forfeiture complaint for lack of evidence to support the government's theory of forfeiture is premature. See U.S. v. 5443 Suffield Terrace, 209 F.Supp.2d 919 (N.D.Ill. 2002).

The government may rely on evidence it has lawfully obtained up to the time of the forfeiture trial. U.S. v. $557,933.89, more or less, in U.S. Funds, 287 F.3d 66 (2nd Cir. 2002). See also 18 U.S.C. § 983(c)(2).

As shown above, the Government is not required to establish the forfeitability of seized assets until trial. It is illogical to allow the government to use evidence gathered up to the date of trial to establish forfeiture; yet, also allow the dismissal of a complaint based upon insufficient evidence at the time of filing.

B.   Even If The Motion To Dismiss Is Timely, The Government's Complaint Is Adequate.

Claimants contend that the Government's failure to show that they have violated the controlled substances laws or any connection between the defendant property and a specific drug transaction mandates dismissal of the complaint.[1]

---

[1]Claimants also question the validity of dog alerts. Although not relevant to the issue of dismissal, the United States would

The United States is not required to identify specific drug transactions in the complaint. See <u>U.S. v. Two Parcels in Russell County</u>, 92 F.3d 1123 (11th Cir. 1996).

No conviction for criminal activity on the part of the claimants is required. An acquittal does not bar a subsequent civil forfeiture. See <u>U.S. v. One Assortment of 89 Firearms</u>, 465 U.S. 354 (1984). No conviction is required for civil forfeiture. See <u>U.S. v. Two Parcels of Real Property ... 101 North Liberty Street</u>, 80 F.Supp.2d 1298, 1303 n.18 (M.D.Ala. 2000).

### III. Conclusion

The motion to dismiss is premature. The United States is not required to present its case until trial. Even if the motion was ripe for adjudication, the United States' complaint is adequate under the law.

---

show that the view of the probative value of a dog alert is weak was rejected in <u>U.S. v. $242,484.00</u>, 389 F.3d 1149 (11th Cir. 2004) (*en banc*).

Respectfully submitted this 22nd day of November, 2006.

                FOR THE UNITED STATES ATTORNEY
                      LEURA G. CANARY

                /s/John T. Harmon
                John T. Harmon
                Assistant United States Attorney
                Office of the United States Attorney
                Middle District of Alabama
                One Court Square, Suite 201 (36104)
                Post Office Box 197
                Montgomery, Alabama 36101-0197
                Telephone:(334) 223-7280
                Facsimile:(334) 223-7560

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2006, I electronically filed the foregoing Response to Motion to Dismiss and Motion for Judgment on the Pleadings with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Joe M. Reed.**

                /s/John T. Harmon
                John T. Harmon
                Assistant United States Attorney