IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05cv1086-WKW |
| | ) |
| EIGHTY THOUSAND SIX HUNDRED | ) |
| THIRTY-THREE DOLLARS | ) |
| ($80,633.00) IN UNITED STATES | ) |
| CURRENCY; | ) |
| FOUR THOUSAND EIGHT HUNDRED | ) |
| SEVENTY-EIGHT DOLLARS | ) |
| ($4,878.00) IN UNITED STATES | ) |
| CURRENCY; AND, | ) |
| THIRTY-SIX THOUSAND FIVE | ) |
| HUNDRED DOLLARS ($36,500.00) | ) |
| IN UNITED STATES CURRENCY, | ) |
| | ) |
| DEFENDANTS. | ) |

ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on January 5, 2007, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL**:

   For the Plaintiff: John T. Harmon; and,

   For Claimants Jacquard Merritt and Michael Coleman:
   Joe M. Reed.

   **COUNSEL APPEARING AT PRETRIAL HEARING**:

   Same As Trial Counsel.

1

2. **JURISDICTION AND VENUE**:

Jurisdiction is predicated on Title 28, United States Code, Section 1345 and Section 1355. Venue is proper as the Defendant is located within the Middle District of Alabama.

3. **PLEADINGS**: The following pleadings and amendments were allowed:

   a. Verified Complaint for Forfeiture In Rem;

   b. Warrant and Summons for Arrest In Rem;

   c. Claim of Michael Coleman and Jacquard Merritt;

   d. Answer of Michael Coleman and Jacquard Merritt.

4. **CONTENTIONS OF THE PARTIES**:

   a. **The United States of America**

   (1) The Defendant currency was used in a manner or part to commit and to facilitate and was involved in the commission of violations of Title 21, United States Code, Section 801 et seq.; therefore, the Defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

   (2) Drug Enforcement Administration (DEA) agents were called to the Montgomery Airport (Airport) on July 6, 2005, to assist in an investigation. An agent of the Transportation Security Agency (TSA) had discovered a large amount of currency in the "carry-on" luggage of one Jacquard Rashun Merritt (Merritt), thus beginning the investigation. Merritt was traveling to San Antonio, Texas from Montgomery, Alabama.

(3) TSA and Airport Police agents determined that Merritt was traveling with one Michael Coleman (Coleman) and that Merritt had purchased both his and Coleman's ticket with cash on July 6, 2005. Both Coleman and Merritt were to return to Montgomery, Alabama from San Antonio, Texas on July 7, 2005.

(4) Coleman, while being escorted to the Airport Security Office, attempted to flee and had to be restrained.

(5) Upon questioning, Merritt initially stated that he would be staying in San Antonio with a male friend. He then changed his story to say he would probably stay with a girl and that she would probably get them a hotel room. Merritt further stated that he was going to San Antonio to look at a couple of cars. He then stated he would also invest in rental property. Merritt also stated that the money he had with him came from previous real estate investments, but gave conflicting accounts of the investments' returns.

(6) Merritt was asked how much money he had. He stated he was not sure but that he probably had almost Thirty Thousand Dollars ($30,000). In fact, Merritt possessed Forty-One Thousand Three Hundred Seventy-Eight Dollars ($41,378.00).

(7) Coleman requested an attorney so no questions were asked of him.

(8) The Defendant Four Thousand Eight Hundred Seventy-Eight Dollars ($4,878.00) was found in Merritt's front pants pocket.

(9) The Defendant Thirty-Six Thousand Five Hundred Dollars ($36,500.00) was found in a carry-on bag belonging to Merritt. Marijuana residue was found in the bottom of Merritt's carry-on bag.

(10) The Defendant Eighty Thousand Six Hundred Thirty-Three Dollars ($80,633.00) was found in a carry-on bag belonging to Coleman.

(11) A trained drug detection dog alerted upon the money and upon each of the bags. An alert means that the dog has detected the exposure of the item involved to illegal drugs or materials used in illegal drug manufacture or preparation.

(12) Drug dealers necessarily deal in cash and must seek ways to hide and secrete his cash to avoid detection by law enforcement officials. Drug dealers must also find ways to introduce drug proceeds into the banking system so that this cash may be used for various purposes.

(13) The Court should take a negative inference by any assertion by Claimants of their rights under the Fifth Amendment to the United States Constitution.

(14) Neither Claimant has sufficient legitimate income to support accumulation of the Defendant currency.

(15) There is probable cause to believe that the Defendant currency is subject to forfeiture.

    b.    **Claimants Michael Coleman and Jacquard Merritt**

(1) On or about July 5, 2005, the United States of America through its agents the Drug Enforcement Administration, Transportation and Security Administration and Montgomery Airport Police, without a warrant, seized approximately eighty thousand dollars ($80,633.00) in lawful cash, coin, or currency of the United States of America, the property of claimant Michael Coleman and in another action at the same time, seized forty-one thousand dollars ($41,378.00) in lawful cash, coin, or currency of the United States of America from claimant Jacquard Merritt.

(2) The claimants were lawfully traveling from Montgomery, Alabama to San Antonio, Texas and lawfully carrying United States currency and conducting themselves in a lawful manner when TSA agents and Montgomery Airport Police detained them without reasonable suspicion of criminal activity and arrested them without probable cause of committing a crime.

(3) The claimants were taken to a secure facility within the Montgomery Regional Airport where TSA agents, Montgomery Airport Police and Drug Enforcement Administration agents unlawfully interrogated them without the benefit of counsel, seized their luggage and searched their luggage without a warrant and without their consent. Approximately $80,000 dollars in United States currency was found in the possession of Michael Coleman and $41,000 was found in the possession of Jacquard Merritt.

    (4)    The search and seizure of the claimants was void of exigent circumstances coupled with probable cause, and in violation of the claimants' rights under the Fourth Amendment to the United States Constitution.

    (5)    The United States Drug Enforcement Administration unlawfully took possession of the claimants' money, without a warrant, by force and without their consent, in violation of the Fourth Amendment to the United States Constitution.

    (6)    The claimants of the property subject to this action categorically deny any and all assertions, articulated or implied by the plaintiff that the seized money was used or was intended to be used in a manner prohibited by Title 28, United States Code, Section 881(a)(6).

5. **ORDER OF THE COURT**

It is hereby ORDERED that:

a.    The trial in this case, which is to last 1/2-1 day, will commence on February, 12, 2007, at 10:00 a.m., at the Frank M. Johnson United States Courthouse Complex in Montgomery, Alabama;

b.    The parties in this case are required to make a good faith effort to identify stipulations. The parties shall submit stipulations to the court on or before February 9, 2007. If possible, stipulations shall include the specific amounts of cash and the location in which each sum of cash was found.

c.    The Plaintiff and Defendants are required to file proposed findings of fact and conclusions of law by February 9, 2007. The parties are also directed to email

their proposed findings of fact and conclusions of law to

*propord_watkins@almd.uscourts.gov* in WordPerfect format by the date specified above.

d. Trial briefs are not required.

e. Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), **three copies** of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtoom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

f. The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

g. All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 30) entered by the court on March 20, 2006.

h. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this Order shall be binding on all the parties unless modified by the Court.

DONE this the 2nd day of February, 2007.

                                            /s/ W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE