## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| )                                 | |
|     Plaintiff,           ) | |
| )                                 | |
| v.                              ) | CASE NO. 2:05-cv-1086-WKW |
| )                                 | |
| EIGHTY THOUSAND SIX HUNDRED         ) | |
| THIRTY-THREE DOLLARS ($80,633.00);  ) | |
| FOUR THOUSAND EIGHT HUNDRED         ) | |
| SEVENTY-EIGHT DOLLARS ($4,878.00);  ) | |
| THIRTY-SIX THOUSAND FIVE            ) | |
| HUNDRED DOLLARS ($36,500.00),       ) | |
| )                                 | |
|     Defendants.          ) | |

**DECREE OF FORFEITURE**

This case is before the court on the United States' Motion for Entry of Decree of Forfeiture (Doc. # 63).

On November 10, 2005, the United States filed its Verified Complaint for Forfeiture In Rem seeking forfeiture of United States currency in the amounts of $80,633.00, $4,878.00 and $36,500.00 (Doc. #1). The Complaint alleges that the Defendant currency is subject to forfeiture because it represents monies furnished, or intended to be furnished, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate violations of 21 U.S.C. § 801, *et seq.*; and, therefore, the Defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

It appearing that process was fully issued in this action and returned according to law:

Pursuant to a Warrant and Summons for Arrest In Rem (Doc. # 2) issued by this court, the United States Marshals Service for the Middle District of Alabama arrested the Defendant currency on December 8, 2005 (Doc. # 4, # 5 and # 6);

On February 2, 9, and 16, 2006, notice of this action was published in the Montgomery Advertiser newspaper (Doc. # 27);

On December 14, 2005, a United States Marshal personally served Jacquard Merritt with copies of the Verified Complaint for Forfeiture In Rem and Warrant and Summons for Arrest In Rem (Doc. # 9);

On December 14, 2005, a United States Marshal personally served Joe M. Reed, Jr., with copies of the Verified Complaint for Forfeiture In Rem and Warrant and Summons for Arrest In Rem (Doc. # 9);

On December 14, 2005, a United States Marshal personally served Michael Dewayne Coleman with copies of the Verified Complaint for Forfeiture In Rem and Warrant and Summons for Arrest In Rem (Doc. # 10);

On January 11, 2006, Coleman and Merritt ("Claimants") filed an Answer to the Verified Complaint for Forfeiture In Rem (Doc. # 8);

On February 1, 2006, Claimants filed Verified Statements of Interest in the Defendant currency (Doc. # 16 and # 17);

On February 21, 2006, Claimants filed an Amended Answer to the Verified Complaint for Forfeiture In Rem (Doc. # 23);

On March 16, 2006, Claimants filed a motion to suppress (Doc. # 29), with a supporting brief filed on January 12, 2007 (Doc. # 50);

On March 20, 2006, this Court entered its Uniform Scheduling Order setting this matter for trial during the term of court commencing February 12, 2007 (Doc. # 30);

On January 12, 2007, the United States filed its brief in opposition to Claimants' motion to suppress (Doc. # 51);

On February 6, 2007, the Court issued a Memorandum Opinion and Order (Doc. # 55) denying the Claimants' motion to suppress and stating that probable cause existed to seize the Defendant currency;

On February 12, 2007, a non-jury trial was held before the undersigned;

On March 31, 2008, having considered all the evidence before it, this court entered Judgment ordering forfeiture of the Defendant currency to the United States (Doc. #61); and

No other claim or answer has been filed on behalf of any other party.

Accordingly, for good cause shown, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Motion for Entry of Decree of Forfeiture (Doc. # 63) is GRANTED;

2. The Defendant United States currency in the amounts of $80,633.00, $4,878.00 and $36,500.00 is forfeited to the United States, to be disposed of according to law, and no right, title or interest in the Defendant currency shall exist in any other party.

3. The parties shall bear their own costs.

DONE this 21st day of April, 2008.

                                       /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE